UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MOTOGOLF.COM, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TOP SHELF GOLF, LLC, a Maine limited liability company; TOP SHELF IT SOLUTIONS, INC., a Maine corporation; IVAN SOKOLOVICH, an individual; INNA SOKOLOVICH, an individual; KEVIN P. MURPHY, an individual; KEVIN E. MURPHY, an individual; ALIAKSANR SHAVIALEVICH, an individual,<br><br>Defendants. | Case No. 2:20-cv-00674-APG-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Extension of Discovery (First Request). ECF No. 40. The Court has considered Plaintiff's Motion, Defendants' Opposition and Response to Plaintiff's Motion (ECF No. 44), and Plaintiff's Reply (ECF No. 46).

**I.   Background**

The essence of the instant dispute presented by Plaintiff's Motion and Defendants' Opposition is whether the Court should grant a six month or nine month extension of the period in which the parties may conduct discovery. Plaintiff argues that COVID-19 (which is surging once again) impedes its ability to conduct in-person depositions of key witnesses who live on the east coast. Plaintiff states that depositions taken through virtual platforms are inappropriate in this case and will hamper Plaintiff's ability to present exhibits. Plaintiff states that in-person depositions are required in this case because the Zoom platform is inadequate. Plaintiff states it has met the good cause requirement for the extension it seeks.

Defendants argue Plaintiff has not acted reasonably because Plaintiff is demanding Defendants agree that in-person depositions are necessary. Defendants state Plaintiff will not agree to any discovery extension proposed by Defendants in the absence of such an agreement. Defendants

contend in-person depositions are not absolutely necessary, and that remote depositions by Zoom are common practice during the current pandemic. Defendants argue Plaintiff has not stated sufficient facts to overcome the presumption that remote depositions are likely to be appropriate for the foreseeable future. Defendants do not oppose the issuance of a scheduling order, but seek to limit the discovery period to six months.

**II.   Discussion**

The Court's review of the record in this case shows that no discovery plan and scheduling order was issued. To the extent this is the Court's responsibility, and delay of consideration of the instant motion delayed the submission of a discovery plan and scheduling order by the parties, the Court issues the plan and order below.

The Court further finds that, while it is sympathetic to Plaintiff's desire to take depositions in-person, the current pandemic cannot place litigation on hold indefinitely. Plaintiff may have to proceed with depositions through Zoom or another video platform if the pandemic does not recede sufficiently to allow air travel and in-person deposition. *Swenson v. GEICO Casualty Co.*, Case No. 2:19-cv-01639-JCM-NJK, 2020 WL 4815035, \*3 (D. Nev. Aug. 19, 2020) (internal citations omitted).

**III.   Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Discovery (First Request), ECF No. 40, is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the following discovery plan and scheduling order shall apply in this case:

1. Discovery Deadline: Discovery shall be completed on or before **June 18, 2021**.
2. Deadline to Amend Pleadings: **March 19, 2021** (90 days prior to the close of discovery).
3. Deadline to Disclose Initial Expert Disclosures: **April 19, 2021** (60 days prior to the close of discovery)
4. Deadline to Disclose Rebuttal Expert Disclosures: **May 19, 2021** (30 days after the initial disclosure of experts).

    5.     Deadline to File Dispositive Motions: **July 19, 2021** (30 days after the close of discovery).

    6.     Joint Pretrial Order: **August 18, 2021** (30 days after the date set for filing dispositive motions; provided, however, that if dispositive motions are filed, the date for filing the joint pretrial order must be suspended until thirty (30) court days after a decision of the dispositive motions or until further order of the Court.

IT IS FURTHER ORDERED that the parties shall use best efforts to complete depositions within the discovery period.  A request to extend time to complete depositions must be supported by specific facts demonstrating an inability complete deposition for reasons in addition to challenges caused by the COVID-19 pandemic.

Dated this 20th day of November, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE