UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MOTOGOLF.COM, LLC, a Nevada limited liability company, | Case No. 2:20-cv-00674-APG-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| TOP SHELF GOLF, LLC, a Maine limited liability company; TOP SHELF IT SOLUTIONS, INC., a Maine corporation; IVAN SOKOLOVICH, an individual; INNA SOKOLOVICH, an individual; KEVIN P. MURPHY, an individual; KEVIN E. MURPHY, an individual; ALIAKSANR SHAVIALEVICH, an individual, | |
| Defendants. | |

**I.    Background**

Pending before the Court is Defendants' Motion to Strike ECF No. 76-1 and for Attorneys' Fees and Costs.  ECF Nos. 78 and 80.  The exhibit that is filed as ECF No. 76-1 is Exhibit 1 to Plaintiff Motogolf's Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.  ECF No. 76.  The Motion to Dismiss filed by Defendants remains pending.  ECF No. 74.  Exhibit 1 is three pages long consisting of a cover sheet and a two page email that is marked in big red letters "Confidential Pursuant to Protective Order."  Defendants did not agree to remove the confidentiality designation and Plaintiff did not seek to and did not file this document under seal.

In opposition to Defendants' Motion to Strike, and citing to the Protective Order entered by the Court at ECF No. 39, Plaintiff states the document marked by Defendants as confidential is known to a person outside the parties without being protected by the confidentiality designation; that is, someone associated with MGI Golf.  ECF No. 81 at 3.  Plaintiff concludes, therefore, that ECF No. 76-1 was improperly designated as confidential by Defendants.  Plaintiff further claims the filing (1) absent a motion to seal was inadvertent, (2) was "required" because the Court previously dismissed Plaintiff's intentional interference with contractual relationship claim based on Plaintiff's

1

failure to identify any such relationship that suffered alleged interference, and (3) the document marked as confidential "was [filed] within the four corners of the instant litigation." *Id*. at 3-4.

Defendants argue in reply that Plaintiff's contention of inadvertence is disingenuous because Plaintiff admits it filed ECF No. 76-1 without seeking to seal after Plaintiff unilaterally decided the confidentiality designation was improper. ECF No. 84 at 1-2. Defendants point to the Protective Order that includes a procedure for challenging a confidentiality designation, which Plaintiff did not follow. *Id*. at 2-3 *citing* ECF No. 39 at 10. Defendants contend that Plaintiff's argument that it was "required" to file the document is absurd and that Plaintiff's contention it gained nothing from the disclosure is unavailing as the Protective Order precludes dissemination of confidential information, not financial gain. *Id*. at 4-5.

Defendants seek their attorneys' fees and costs associated with bringing their Motion to Strike in accordance with the terms of the Protective Order allowing for an award of sanctions under Fed. R. Civ. P. 37(d)(2). ECF No. 80 at 3. Defendants also cite to LR IA 11-8(e), which allows for an award of sanctions if a party or attorney fails to comply with a court order. Plaintiff contends that the request for attorneys' fees and costs is meritless because Defendants' designation of the document was improper. ECF No. 82 at 4-5.

**II.     Discussion**

The Protective Order agreed to by the parties and entered by the Court contains a thorough procedure for challenging a confidentiality designation. ECF No. 39 at 10. That process includes that any party may object to a confidentiality designation by contending the information is improperly designated within ninety calendar days of the designation date. *Id*. The designating party has thirty calendar days to respond to the objection after which the objecting party may arrange for a meet and confer within ten court days of service of the designating party's response. *Id*. If the parties cannot come to agreement upon conclusion of the meet and confer, the party challenging the designation may bring a motion to resolve the dispute. *Id*.

There is no doubt that Plaintiff did not follow the process to which it agreed. *Id*. at 12. Plaintiff instead reached a unilateral decision that the document at issue was improperly designated

as confidential and could therefore be filed in the public record without any discussion with Defendants or order from the Court.

In *Garcia v. Service Employees International Union*, Case No. 2:17-cv-01340-APG-NJK, 2019 WL 8750273, at *1 (D. Nev. May 23, 2019), the Court stated:

> District courts have authority to strike an improper filing under their inherent power to control the docket. *E.g., Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988). Courts may use their inherent power to strike from the record publicly-filed information that should have been filed under seal pursuant to the terms of a protective order. *See, e.g., SolarCity Corp. v. Doria*, 2018 WL 4204024, at **10-11 (S.D. Cal. Sept. 4, 2018). "Striking material under the Court's inherent power is wholly discretionary." *Fed. Nat'l Mortg. Assoc. v. Willis*, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016).

*See also id.* at *2 n.2. As described in *Garcia*, the instant action allows the Court to exercise its inherent authority to strike the document improperly filed by Plaintiff in the public record despite the confidential designation by Defendants and despite the process established by the Protective Order entered by the Court. Plaintiff's contention that it was required to file the document is specious as there is nothing to support the proposition that this document needed to be filed at all, let alone in the public record. That Plaintiff did not misuse the document or gain financially is a red herring as the issue is dissemination of confidential information not financial gain.

With respect to attorneys' fees and costs, Section II.B of the Protective Order states, in pertinent part, that "[t]he [p]arties acknowledge and agree that the unauthorized use and/or disclosure of Confidential Information beyond this litigation shall subject the offending Party … to sanctions contemplated in FRCP 37(b)(2) …." ECF No. 39 at 7. Local Rule 11-8(e) allows the Court to impose appropriate sanctions on a party that fails to comply with a court order. Here, one could potentially argue that Plaintiff did not use or disclose the confidential document beyond this litigation; however, by filing ECF No. 76-1 in the public record, Plaintiff effectively disclosed the document to any member of the public who wanted to view the information. However, and more importantly, the Court is concerned with Plaintiff's disregard for the process to which it agreed if it believed ECF No. 76-1 was improperly marked as confidential. Plaintiff submitted a stipulation to the Court together with Defendants, as a proposed order, that set forth an easy to follow process for challenging Defendants' designation. Instead of following the process, Plaintiff ignored the

Protective Order, and the process to which it agreed, and filed ECF No. 76-1 in the public record. The Court cannot ignore that conduct. Under Local Rule IA 11-8(e) the Court exercises its inherent authority and grants Defendants' request for attorneys' fees and costs associated with bringing the Motion to Strike.

### III.     Order

IT IS HEREBY ORDERED that Defendants' Motion to Strike ECF No. 76-1 (ECF No. 78) is GRANTED.

IT IS FURTHER ORDERED that ECF No. 76-1 shall be struck from the record.

IT IS FURTHER ORDERED that the Clerk of Court shall file ECF No. 76-1 as a separate entry on the docket under seal.

IT IS FURTHER ORDERED that Defendants' Motion for Attorneys' Fees and Costs (ECF No. 80) is GRANTED.

IT IS FURTHER ORDERED that Defendants shall within 14 days of the date of this Order, submit a memorandum, supported by affidavit of counsel, establishing the amount of attorneys' fees and costs incurred preparing its Motion to Strike and Reply in Support (ECF Nos. 78 and 84). The memorandum shall provide a reasonable itemization and description of work performed, identify the attorney(s) or staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

IT IS FURTHER ORDERED that Plaintiff shall have five (5) days from service of the memorandum of costs and attorney's fees, in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded.

Dated this 3rd day of December, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE