UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MOTOGOLF.COM, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TOP SHELF GOLF, LLC, a Maine limited liability company; TOP SHELF IT SOLUTIONS, INC., a Maine corporation; IVAN SOKOLOVICH, an individual; INNA SOKOLOVICH, an individual; KEVIN P. MURPHY, an individual; KEVIN E. MURPHY, an individual; ALIAKSANR SHAVIALEVICH, an individual,<br><br>Defendants. | Case No. 2:20-cv-00674-APG-EJY<br><br>**ORDER** |

**I.    Discussion**

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). Here, the Court ordered an award of attorney's fees (and costs) incurred by Defendants for bringing its Motion to Strike and Reply in support thereof. ECF No. 90.

When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See*, e.g., *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009). When determining the reasonable hourly rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at \*1 (D. Nev. July

1

26, 2019) (internal citation omitted).  This is a two step process.  The first step requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id*. (citations omitted).[1]  The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id.* citing *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed

On December 3, 2021, the undersigned issued its Order granting Defendants' Motion to Strike and awarding attorney's fees and costs in Defendants' favor.  ECF No. 90.  After Defendants submitted their memorandum of fees for $2,363, Plaintiff filed an Objection to the Order.  Defendants responded to the Objection and requested an additional award of fees for preparation of the same.  The District Judge denied Plaintiff's Objection and referred the request for additional fees to me.  The Court granted Plaintiff time to respond to Defendants' request for fees, but Plaintiff did not do so.  Thereafter, Defendants filed the present memorandum for fees of $1,993.50 representing a total of 5.6 hours spent preparing Defendants' response to Plaintiff's Objection.  The time and rates billed are .9 hours for John Tennert at $425 per hour, and 4.7 hours billed by Wade Beavers at $330 per hour.  These rates are consistent with the rates billed by attorneys of similar experience.[2]  The amount of time spent is also reasonable.

**II.   Order**

Accordingly, IT IS HEREBY ORDERED that, in addition to the fees and costs awarded to Defendants in the Court's December 3, 2021 Order (ECF No. 90), the Court awards Defendants $1,993.50 in fees to be paid by Plaintiff.

---

[1]     Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method.  *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

[2]     *GmbH & Co. KG v. NingBo Genin Indus. Co.*, Case No. 2:16-cv-02546-JAD-GWF, 2018 WL 1796296, at *2 (D. Nev. Apr. 16, 2018); *Hurd v. Clark Cty. Sch. Dist.*, Case No. 2:16-cv-02011-GMN-BNW, 2019 WL 6481283, at *4 (D. Nev. Dec. 2, 2019); *Soule*, 2019 WL 3416667 at *2; *U.S.A. Dawgs, Inc. v. Crocs, Inc.*, Case No. 2:16-cv-1694-JCM-PAL, 2019 WL 532300, at *6 (D. Nev. Feb. 11, 2019); *Bird-B-Gone, Inc. v. Haierc Indus. Co., Inc.*, Case No. 2:18-cv-00819-RJC-NJK, 2018 WL 4682320, at *5 (D. Nev. Sept. 28, 2018).

IT IS FURTHER ORDERED that Plaintiff shall pay the amount above by delivering the same in immediately available funds to counsel for Defendants within 30 days of the date of this Order.

Dated this 28th day of February, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE